UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

UNITED STATES OF AMERICA,

        -against-                      Crim. No. S5 07-CR-971 (RPP)

                                        **NOTICE OF MOTION**

DUJON LNU, aka DAMIEN  REID,
_____X

PLEASE TAKE NOTICE, that upon the Memorandum of Law annexed hereto, the points and authorities contained herein, the affidavit of the defendant, and the proceedings had heretofore, the defendant DAMIEN REID, by his attorney, Anthony J. Martone, will move this court at a date and time convenient to the court, at the United States District Courthouse, 500 Pearl Street, New York, New York, for the following relief:

    1.      An Order, suppressing all physical evidence seized from Mr. Reid upon his arrest, or in the alternative directing that a pre-trial evidentiary hearing be conducted to determine the admissibility of said property.

    2.      An Order compelling the government to reveal any evidence it intends to introduce at trial, pursuant to Rule 404(b) of the Federal Rules of Evidence;

    3.      An Order directing the pre-trial disclosure of all exculpatory and impeachment material, including but not limited to the following:

        a.      Any and all information and/or material which tends to exonerate the accused, DAMIEN REID, or which tends to show that he did not knowingly commit any offenses alleged in the indictment.

        b.      Any and all evidence which tends to impeach the credibility of any prospective Government witness, including but not limited to:

1

(1)     Any and all records or information revealing prior criminal convictions or guilty verdicts or juvenile adjudications, including but not limited to relevant "rap sheets" or records of departmental infractions or sustained acts of misconduct of each witness the prosecutor intends to call at trial;

(2)     Any and all allegations of prior or subsequent misconduct, unethical conduct, criminal acts or bad acts of any witness the prosecutor intends to call at trial of which the prosecutor knows or through the exercise of reasonable diligence should have reason to know;

(3)     Any and all consideration or promises of consideration given during the course of the investigation and preparation of this matter by any law enforcement officials, including prosecutors or agents, police or informers, to or on behalf of any witness;

(4)     Any and all statements formal and informal, oral or written by the prosecution, it's agents and representatives to any person (including counsel for such persons) whom the prosecution intends to call as a witness at trial pertaining in any way to the possible or likely course or outcome of any Government action state or federal, civil or criminal or licensing (including liquor licenses and the license to practice law) matters against the witness, or anyone related by blood or marriage to the witness;

(5)     Any statements read or made by the Government to the departments of pre-trial services or probation in connection with the prosecution or conviction of any prosecution witness or potential prosecution witness;

(6)     A list of any and all requests, demands, or complaints made of the Government by any witness which arguably could be developed on cross-examination to demonstrate any hope or expectation on the part of the

2

witness for favorable governmental action in his behalf or on behalf of a relative to such witness (regardless of whether or not the Government has agreed to provide any favorable action);

(7)    With respect to each witness the Government intends to call at trial, or any member of the immediate family of any such witness, disclose copies of all indictments, complaints or informations filed against such person by the federal, or any state or local government, all administrative, disciplinary, regulatory, licensing, tax, customs, or immigration proceedings brought by the federal, or any state or local government, or by any regulatory body or association, and state what counts or actions have been the subject of guilty pleas, convictions, consent decrees, dismissals, or understandings to dismiss at a future date; the date or dates on which pleas of guilty, if any, took place; and the names of the judges or hearing officers before whom such pleas were taken.  If the Government does not have copies of all indictments, complaints, or proceedings, state the dates and places of arrests, hearings, indictments, and informations, the charges brought, and the disposition of those charges or matters so far as it is known to the Government;

(8)    With respect to each witness the Government intends to call at trial, or any member of the immediate family of any such witness, a written summary of all charges or proceedings which could be brought by the federal, or any state or local government, but which have not or will not or which the witness believes have not or will not be brought, because the witness is cooperating with or has cooperated with the Government, or for any reason.  Include copies of all memoranda of understanding between the Government and its witnesses, whether by way of a letter to the attorney for a witness or otherwise;

(9)    Any material not otherwise listed which reflects or

evidences the motivation of any witness either to cooperate with the Government or any bias or hostility against Damien Reid; the existence and identification of each occasion on which a witness had testified before any court, grand jury, administrative, regulatory, disciplinary body or other association, or otherwise officially narrated in the investigation of this case, the indictment of the facts of this case, and any testimony, statements or documents given by the witness regarding same;

(10)    Copies of all medical and psychiatric reports known to the prosecutor or which can reasonably be known to the prosecutor concerning any witness the prosecutor intends to call at trial which may arguably affect the witness's credibility or his ability to perceive, state or recall events;

(11)    All documents and other evidence regarding drug or alcohol usage and/or dependency by any individual the Government intends to call as witness at trial, including but not limited to records relating to treatment of such individual in any federal, state, city or military drug or detoxification program;

(12)    Any written or oral statements, whether or not reduced to writing, made by any potential prosecution witness which in any way contradicts or is inconsistent with or different from other oral or written statements he has made;

(13)    Any requests prepared by the prosecution for permission to grant formal or informal immunity or leniency for any witness, whether or not such request was granted;

(14)    Copies of any and all records of law enforcement agencies reflecting intra- departmental disciplinary action taken against any law enforcement official or agent who will testify at trial;

(15)    Copies of any and all records of any law enforcement or other governmental agency reflecting any commendations, awards, or recognition or any kind, or requests for any commendations, awards or recognition of any kind made to or by any Government agent or law enforcement officer for any work, action or conduct in connection with the investigation and prosecution of this case or any related case; and

(16)    The same records and information requested in items "(1)" through "(15)" with respect to each **non-witness declarant** whose statements will be offered in evidence at trial.

c.    The name and address of and written or oral statements made by any person with knowledge and information concerning the events charged in the Indictment and whose version of the same events is contrary to, or nonsupportive of, the accusations set forth in the Indictment.

d.    The name and address of and any written or oral statement made by any person the Government reasonably believes has information helpful to the preparation of the defense and

e.    The name and address of any written or oral statement made by any witness to any offense or offenses charged in the Indictment whom the Government does not intend to call as a witness in this case.

4.    An Order directing discovery and inspection pursuant to Rule 16(c)(1)(A) and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, including but not limited to the following:

a.    the substance of any oral statement, regardless of whether or not the Government intends to offer it in evidence at the trial-in-chief, which was made by Damien Reid either before or after his arrest in response to interrogation by any person then known to Damien Reid to be a Government agent or law enforcement official;

5

b.    any written or recorded statement and/or the substance of any oral statement of any co-defendant which communicates, contains, recites, or refers to statements made to the above-named declarant by Damien Reid, to be offered by the Government at trial pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence.

c.    any statement of Damien Reid which the Government may offer in evidence at the trial of the Defendant pursuant to Rule 801(d)(2)(A), (B), (C), and (D) of the Federal Rules of Evidence;

d.    any statement of Damien Reid made to a Government agent, regardless of whether the agent's status is or was known to Mr. Reid at the time, if the Government intends to offer the statement in evidence at trial;

e.    Any and all diagrams, telephone call records, charts or reports which the Government intends to use as evidence in its case-in-chief at trial;

f.    Each and every application for search or arrest warrants, supporting affidavits, and search and arrest warrants, inventory returns on all searches obtained by federal, state or local officers during the investigation and preparation of the above captioned matter;

g.    Any and all reports, memoranda or documents relating to the monitoring or opening of mails directed to Damien Reid or addressed to any location or residence occupied by Mr. Reid;

h.    Any and all documents or papers which indicate rental, purchase, sale, occupancy, or ownership of any vehicle, residence, commercial or real or personal property which is material to the above-captioned matter or any defenses thereto;

i.    Any and all photographs taken of Damien Reid either before or after his arrest;

j.    Any and all items seized from the person of Damien Reid, from any vehicle, real or personal property, related to the above captioned matter;

k.    Any and all reports and memoranda reflecting the booking of Damien Reid on or after his arrest, either by Federal, State or Local Authorities;

l.    Any and all tape recordings or statements made by witnesses to the

6

alleged crimes or by witnesses from whom the Government intends elicit testimony at trial;

m.    Any and all other materials, books, papers, documents, photographs, tangible objects, lists and other evidence which the Government intends to offer in evidence at its case-in-chief at trial, either directly or indirectly.

o.    Any logs, diaries, charts, maps, or other papers or documents seized from any agency or department of the United States which was initiated in connection with this case;

p.    Any and all documents or papers which related to the financing of any vehicle, residence, or real or personal property, which is material to this case;

q.    That the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, exercise its discretion and order the Government to provide Damien Reid with a full and complete witness list, reflecting the names and addresses of any and all witnesses the Government intends to call at trial.

r.    That the Court order the Government to grant access to counsel for Damien Reid to any and all witnesses whom the Government intends to call at trial who are within the custody and control of the Government or who are protected by, controlled by, or are in the custody and control of the Government , at a time and place to be agreed upon by counsel so that counsel for defendant may request, in person, an interview with the witness, or, in the alternative, if the Government denies such control or custody of such a witness, the identity of any attorneys for, or the whereabouts of, any such witness so that counsel for defendant may attempt an interview;

t.    That the Court order the Government to disclose to Damien Reid the following information concerning each witness whom the Government intends to call during the trial of this case;

(1)    All criminal records and any list or summary reflecting the criminal record, including the FBI arrest and conviction records;

(2)    Any and all records and information revealing prior misconduct, bad acts and any other fact which might tend to impeach or

7

otherwise discredit the credibility of such witness;

(3)    The existence and substance, and manner of execution or fulfillment, or any promise, agreement and understanding between the Government and any such witness which might in any way constitute a reward or benefit of any kind to said witness or any member of his or her family, or might be believed by said witness to be such reward or benefit;

(4)    The existence, amounts and terms of the financial or property reward or benefit offered or to be offered to such witness;

(5)    Any and all threats, express or implied made to or against said witness, or to any others in whose welfare said witness might be interested.

u.    That the Court order the Government to disclose to Damien Reid whether or not the Government intends to introduce at trial any prior or subsequent "bad acts" or prior or subsequent criminal conduct against Mr. Reid, and if so, the name and addresses of each witness who will testify regarding this activity or conduct, a description of what the Government intends to introduce into evidence, and the date and place of the activity or conduct in question.

v.    Any police reports, dismissals, offense or incident reports, complaints, conviction record or otherwise aborted criminal cases against any Government witness.

w.    A list of any and all persons and any and all documents subpoenaed to appear before the Federal Grand Jury in connection with this case.

x.    Whether or not the Government, its agents and representatives in the investigation and prosecution of this case, utilized wiretaps, telephonic or electronic interceptions or similar methods of interception of conversations or communications, whether or not authorized pursuant to law.

y.    Copies of all recordings, transcripts of proceedings, notes of conversations or other evidence of all wiretaps, telephonic or electronic interceptions or similar methods of interception of conversations or communications in the investigation or prosecution of this case, whether or not authorized

pursuant to law, and whether relative to Damien Reid's conversations or communications or relative to conversations or other in the investigation or prosecution of this case.

z.    An accurate certification of any and all promises made to any non-employee witness the Government intends to call at trial;

5.    The Government should be directed to provide notice of any expert testimony that it may week to elicit at trial;

6.    Pursuant to the Due Process Clause of the Fifth Amendment directing the government to provide a witness list;

7.  Permitting the defendant to join in the motions of his co-defendants where applicable and to file additional motions which may arise from the requests made herein;

8.    For an order severing the trial of this defendant from that of the other defendants, or in the alternative reserving decision on this motion until the trial posture of the remaining defendants and the evidence to be admitted against the remaining co-defendants is decided;

9.    Preserving defendant's rights to file motions *in limine* prior to trial concerning the admissibility of evidence and testimony proffered by the government based upon the resolution of the instant motions as well as concerning other independent issues of admissibility; and

10.    Any such further relief as to the court may seem proper in the premises.

Respectfully submitted,

/s/
ANTHONY J. MARTONE
Attorney for DAMIEN REID
80-02 Kew Gardens Road
Suite 1030
Kew Gardens, NY 11415
(718) 520-7956

cc:    Joselyn Strauber
Assistant United States Attorney

Damien Reid

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

UNITED STATES OF AMERICA,

       -against-                                Crim. No. S5 07-CR-971 (RPP)


DUJON LNU, akaDAMIEN  REID,
_____X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTIONS**

     The accused herein, DAMIEN  REID, by his attorney, ANTHONY J. MARTONE, hereby submits the following Memorandum of Law in support of the within motions for:

     1.     An Order, suppressing all physical items seized as the warrantless search and seizure was illegal;

     2.     An Order compelling the Government to reveal any evidence it intends to introduce at trial, pursuant to Rule 404(b) of the Federal Rules of Evidence;

     3.     An Order directing the pre-trial disclosure of all exculpatory and impeachment material;

     4.     An Order directing discovery and inspection pursuant to Rule 16(c)(1)(A)(c) and Rule 16(d)(1) of the Federal Rules of Criminal Procedure;

     5.     An Order directing the Government to provide notice of any expert testimony that it may week to elicit at trial;

6.    An Order pursuant to the Due Process Clause of the Fifth Amendment directing the government to provide a witness list;

7.    An Order permitting the defendant to join in the motions of his co-defendants where applicable and to file additional motions which may arise from the requests made herein;

8.    An order severing the trial of this defendant from that of the other defendants;

9.    An Order preserving defendant's rights to file motions *in limine* prior to trial concerning the admissibility of evidence and testimony proffered by the government based upon the resolution of the instant motions as well as concerning other independent issues of admissibility; and

10.    Any such other and further relief as this Court may deem necessary and proper in the premises.

Dated:        June 18, 2008
              Kew Gardens, New York              Respectfully submitted,


                                                 /s/
                                                 ANTHONY J. MARTONE, ESQ.
                                                 80-02 Kew Gardens Road
                                                 Suite 1030
                                                 Kew Gardens, NY 11415
                                                 718-520-7956

11

## STATEMENT OF FACTS

On October 25, 2007 DAMIEN REID was arrested by Federal agents concerning his alleged involvement in marijuana trafficking. Upon his arrest two cellular phones, U.S. currency and miscellaneous papers were recovered.

Mr. Reid was later indicted along with codefendants Hughie Gray, Sharon Hinds, Lloyd Reid, Ishmael Houhton, Noeila Munoz, Jaime Estrada Sandoval, Marco Miranda, Rueben Miranda, Peter Brown, Baldwin Rose and Ray Marshall Reid for the crime of conspiracy to distribute 1000 kilograms of marijuana in violation of Sections 812, 841(a)(1) and 841 (b)(1)(A) of Title 21, United States Code.

The matter is pending before the Honorable Robert Paterson, United States District Court Judge for the Southern District of New York.


## POINT ONE

### EVIDENCE DERIVED FROM THE WARRANTLESS SERACH OF THE CELLULAR PHONES MUST BE SUPPRESSED.

Two cellular phones were seized from Mr. Reid upon his arrest. It is believed that the government will attempt to introduce evidence contained in these phones. The warrantless search of these items was not legally justified and the fruits thereof must be suppressed

Said searches were conducted without a warrant, and without legal justification.

The government has not, to date provided any discovery relating to this search and seizure, however, defense has a reasonable belief that the government may seek to introduce this evidence in the case at bar.  Accordingly we move to suppress this evidence or for an Order directing that a hearing be conducted to determine its admissibility.

## POINT TWO

### THE COURT SHOULD COMPEL THE GOVERNMENT TO REVEAL ANY EVIDENCE IT INTENDS TO INTRODUCE AT TRIAL PURSUANT TO FED. R. EVID. 404(b)

Federal Rule of Evidence 440(b) requires:

> [u]pon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial, if the Court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The defendant respectfully requests that the Government be compelled, within a reasonable time prior to trial, to provide the defense counsel with any prior or similar act evidence it intends to introduce at trial, pursuant to Fed. R. Evid. 404(b).  Such notice should include the nature of this evidence, the pertinent witnesses, any supporting documentation, and the legal theory of admissibility to be relied upon by the Government.  Such a procedure is necessary to enable the accused to file appropriate *motions in limine* and to allow this Court to make a considered pretrial determination of the admissibility of any such evidence proffered by the Government.  Moreover, such

13

pretrial notice would provide the defense an opportunity to challenge the evidence on its merits and/or discuss with the Government the possibility of stipulating to such evidence.

## POINT THREE

### THE GOVERNMENT SHOULD DISCLOSE ALL EXCULPATORY AND IMPEACHMENT MATERIAL

A prosecutor has a constitutional duty to disclose material, exculpatory evidence to the defense, regardless of whether defense counsel makes a specific request.  United States v. Bagley, 473 U.S. 667, 682 (1985); Brady v. Maryland, 373 U.S. 83, 87 (1963).  The duty extends not only to information relevant to guilt, but also to evidence that would tend to impeach the prosecution's witnessess. Bagley, 473 U.S. at 676-77 ("When the reliability of a given witness may well be determinative of guilt or innocence, non-disclosure of evidence affecting credibility falls within the general rule of Brady." (internal quotation marks and brackets omitted)); Giglio v. United States, 405 U.S. 150, 154 (1972).

A breach of that duty violates due process when: (1) the prosecution suppresses impeachment evidence that was actually or constructively in its possession, regardless of the good or bad faith of the prosecutor; and (2) the suppressed evidence was material. A defendant does not need to show that the evidence, if disclosed, would have resulted in his acquittal; rather, he needs to show only that the evidence "could reasonably be taken to put the whole case in such a different light as to undermine

14

confidence in the verdict." <u>Kyles v. Whitley</u>, 514 U.S. 419, 434-35 (1995); <u>Bagley</u>, 473 U.S. at 682 (Evidence is material is there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." A "reasonable probability" is a probability "sufficient to undermine confidence in the outcome").

Impeachment evidence has been deemed to fall within the standard of materiality for <u>Brady</u> purposes. <u>United States v. Wong</u>, 78 F.3d 73, 79 (2d Cir. 1996) ("Evidence of impeachment is material . . . where the likely impact on the witness's credibility would have undermined a critical element of the prosecution's case." (internal quotation marks omitted)).

Even if the prosecutor is not directly aware of material, exculpatory evidence, a <u>Brady/Giglio</u> violation can still occur if the evidence was in the prosecutor's constructive possession. For example, in <u>Kyles v. Whitley</u>, *supra*, the Supreme Court held that state prosecutors have a duty to disclose impeachment evidence known to the police, even if the prosecutors themselves were not actually aware of the information. The Court stated:

> . . . the prosecution, which alone can know what is undisclosed, must be assigned the consequent responsibility to gauge the likely net effect of all such [undisclosed favorable] evidence and make disclosure when the point of "reasonable probability" is reached. This in turn means that the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police.

<u>Id.</u> at 437 (emphasis added)

15

It is clear that the law in this Circuit is that such material must be provided to the defense "no later than the point at which a reasonable probability will exist that the outcome would have been different if an earlier disclosure had been made." United States v. Coppa, 267 F.3d 132, 142 (2001). This, of course, begs the essential question, since "[t]he linking of the scope of the disclosure obligation with the remedy for its breach creates both a responsibility and a problem for the prosecutor." Id. As such, it would appear that disclosure of such information at the earliest feasible juncture relieves the prosecutor of having to predict both the outcome of the trial and the relative impact that late disclosure might have on that result. We therefore maintain that all exculpatory and impeachment material as detailed herein be disclosed forthwith.


### POINT FOUR

THE GOVERNMENT SHOULD BE DIRECTED TO
PROVIDE DISCOVERY AND INSPECTION PURSUANT TO RULE 16

The Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure. Pursuant to Rule 16 c 1 A and Rule 16 d 1, defendant is seeking various items enumerated in the within Notice of Motion, 4 a through z. It is respectfully requested that the Government be directed to provide any and all discovery and inspection requested.

16

**POINT FIVE**

**THE GOVERNMENT SHOULD BE DIRECTED TO PROVIDE NOTICE
OF ANY EXPERT TESTIMONY THAT IT MAY SEEK TO ELICIT AT TRIAL**

To the extent that any expert is permitted to testify in this case, it is respectfully asserted that this Court should direct the government to disclose to defense counsel the name and address of each expert, a summary of his/her anticipated testimony, and the reports, studies or other data on which such expert testimony will rely. Timely disclosure of this information is needed to enable counsel to file a motion *in limine* prior to trial to properly restrict the scope and extent of the proposed testimony. Absent such disclosure, the witness will be free to say anything, claim the source is some confidential government document or witness, without counsel effectively confronting this testimony.

To this end, the government is barred from using experts solely to bolster the credibility of the government's fact witnesses by mirroring their version of events. United States v. Cruz, 981 F.2d 659, 664 (2d Cir. 1992). In particular, the Cruz court condemned the technique of having an expert state that a given set of facts is consistent with criminal behavior and then Aarguing that the witnesses version of events is consistent with an expert's description of patterns of criminal conduct. Id. Rather, the experts testimony must deal with operations which have esoteric aspects reasonably perceived as beyond the ken of the jury and that expert testimony cannot

be used solely to bolster the credibility of the government's fact witnesses by mirroring their version of events. Id. *See also*, United States v. Castillo, 924 F.2d 1227, 1231 (2d Cir. 1991); United States v. Scop, 846 F.2d 135, 139-43 (2d cir. 1988).

Further, any expert called by the government should, pursuant to Fed.R.Evid., Rule 702, deal only with issues that are Abeyond the knowledge or understanding of an average juror.@ Cruz, 981 F.2d at 662; United States v. Stevens, 935 F.2d 1360, 1400 (2d Cir. 1991) (expert testimony properly barred where it would have Apitched to the common sense of the jury@). It is patently improper for an expert witness to merely parrot the testimony of other witnesses with respect to information which is certainly not beyond the ken of the average juror. *See*, United States v. Long, 917 F.2d 691, 702 (2d Cir. 1990).

The United State Supreme Court, pursuant to the rule-making authority granted by 28 U.S.C. '2071, et seq., promulgated amendments to the Federal Rules of Criminal Procedure, effective December 31, 1993. One of the Rules which was amended by the Court was Rule 16(a)(1)(E). That rule provides:

(E)EXPERT WITNESSES. At the defendant's requests, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial...The summary...shall describe the witnesses' opinions, the basis and the reasons for those opinions and the witnesses' qualifications.

The rule permits the opposing party to determine, prior to trial, whether the proposed witness meets the qualifications of an expert within the meaning of the Federal Rules of Evidence and provides the party with a summary of the expected testimony.  In light of Rules 705 and Rule 16, it is respectfully requested that the government be directed to provide the requested information to the defense.

## POINT SIX

### THE GOVERNMENT SHOULD BE COMPELLED TO PROVIDE A WITNESS LIST PRIOR TO TRIAL.

The government should be directed to identify its prospective witnesses at a time which will enable the defense enough time to conduct a thorough investigation of these witnesses and prepare cross-examination.  It is respectfully submitted that, in the absence of any showing of a risk to any witness from disclosure, the defendant=s request is not unreasonable.  Nor will the production of a witness list be, in any way, prejudicial to the prosecution.  The Court's observation in United States v. Cannone, 528 F.2d 296, 301 (2d Cir. 1975), of the reasons for requiring disclosure of a witness list are clearly applicable here:

> The most potent argument for compulsory disclosure of the identity of the prosecution's witnesses is that, without the benefit of such disclosure, the defense may be substantially hampered in its preparation for trial.  At a minimum, pretrial ignorance of the effectiveness of the defense's objections and cross-examination.  Although continuances, which tend to mitigate the detrimental effects of unpreparedness, are sometimes obtainable, not only are they merely a partial

> solution to the problem of unpreparedness but, in addition,
> their prolongation of trials is of course costly to both the
> government and the defendant.

Id. at 301. *See also*, United States v. Mosely, 450 F.2d (506) (5th Cir. 1971), *cert. denied*, 405

U.S. 975 (1972); United States v. Goldman, 439 F.Supp. 337 (S.D.N.Y. 1977). s Judge

Weinstein so cogently stated, A[p]recision, accuracy and fairness suffer under a system

of trial by ambush (United States v. Gallo, 654 F.Supp. 463, 480 (E.D.N.Y. 1987)).

We are certainly aware of the list of witnesses who testified at the last trial.  We

request that the government nevertheless disclose a list of witnesses other than those

who testified at the first trial for the reasons set forth herein.


**POINT SEVEN**

**PERMITTING THE DEFENDANT TO FILE ADDITIONAL
MOTIONS WHICH MAY ARISE FROM THE REQUESTS MADE HEREIN
AND JOIN IN CO_DEFENDANT'S MOTIONS WHERE APPLICABLE.**


Given the nature of the instant motion, the defense respectfully requests he have

the opportunity, if necessary, to file additional motions, based upon the resolution of

the issues raised herein.  Defendant further requests the right to join in motions of co-

defendants where applicable.

**POINT EIGHT**

**SEVERANCE**

The defendant reserves the right to move the Court for a severance at such time

that the number of defendants proceeding to trial and the evidence which will be admitted against each separate defendant is determined.  Severance may become necessary for several reasons including but not limited to the prejudicial affect a joint trial would have with the multiple conspiracies alleged, the potential "Bruton" issues and possibility of antagonistic defenses of defendants.  Defendant further requests the right to join in the motions of co-defendants relative to the issue of severance.

## POINT NINE

**DEFENDANT RESPECTFULLY RESERVES THE RIGHT TO MAKE MOTIONS *IN LIMINE* TO EXCLUDE EVIDENCE OFFERRED BY THE GOVERNMENT.**

Defendant requests the right to make motions in limine to exclude evidence.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that these Motions be granted in their entirety, and for such other and further relief as this Court may deem necessary and proper in the premises.

Respectfully submitted,

/s/
ANTHONY J. MARTONE

21

## **CERTIFICATE OF SERVICE**

This is to certify that on this 18th day of June, 2008, a true and correct copy of the

foregoing was forwarded by  mail to all counsel of record in this matter, as follows:

Joselyn Strauber
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of New York
147 Pierrepont Street
Brooklyn, NY 11201

_____
ANTHONY J. MARTONE, ESQ.
*Attorney for Defendant Damien Reid*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

UNITED STATES OF AMERICA,

           -against-                             Crim. No. S5 07-CR-917 (RPP)

                                               Affidavit of Damien Reid

DUJON LNU, akaDAMIEN  REID,
_____X

I, Damien Reid, state the following, under penalties of perjury.

1.    My name is Damien Reid and I am a defendant in the above captioned case.  I am submitting this affidavit regarding the events of my arrest on October 25, 2007.  This affidavit is submitted in support of the motions filed by my attorney in this case.

2.    On October 25, 2007, I was arrested by federal agents.

3.    I have read the Statement of Facts submitted by my attorney and swear to its contents.


Dated:    June  _____, 2008


                                        _____
                                        Damien Reid

Sworn to before me this

_____ day of June, 2008


_____
Notary Public