UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

UNITED STATES OF AMERICA,

       -against-                         Crim. No. S5 07-CR-971 (RPP)

                                           **NOTICE OF MOTION**

DUJON LNU, aka DAMIEN  REID,
_____X

PLEASE TAKE NOTICE, that upon the Memorandum of Law annexed hereto, the points and authorities contained herein, the affidavit of the defendant, and the proceedings had heretofore, the defendant DAMIEN REID, by his attorney, Anthony J. Martone, will move this court at a date and time convenient to the court, at the United States District Courthouse, 500 Pearl Street, New York, New York, for the following relief:

1.      An Order, suppressing all physical evidence seized from Mr. Reid upon his arrest, or in the alternative directing that a pre-trial evidentiary hearing be conducted to determine the admissibility of said property.

2.      An Order compelling the government to reveal any evidence it intends to introduce at trial, pursuant to Rule 404(b) of the Federal Rules of Evidence;

3.      An Order directing the pre-trial disclosure of all exculpatory and impeachment material, including but not limited to the following:

      a.      Any and all information and/or material which tends to exonerate the accused, DAMIEN REID, or which tends to show that he did not knowingly commit any offenses alleged in the indictment.

      b.      Any and all evidence which tends to impeach the credibility of any prospective Government witness, including but not limited to:

(1)  Any and all records or information revealing prior criminal convictions or guilty verdicts or juvenile adjudications, including but not limited to relevant "rap sheets" or records of departmental infractions or sustained acts of misconduct of each witness the prosecutor intends to call at trial;

(2)  Any and all allegations of prior or subsequent misconduct, unethical conduct, criminal acts or bad acts of any witness the prosecutor intends to call at trial of which the prosecutor knows or through the exercise of reasonable diligence should have reason to know;

(3)  Any and all consideration or promises of consideration given during the course of the investigation and preparation of this matter by any law enforcement officials, including prosecutors or agents, police or informers, to or on behalf of any witness;

(4)  Any and all statements formal and informal, oral or written by the prosecution, it's agents and representatives to any person (including counsel for such persons) whom the prosecution intends to call as a witness at trial pertaining in any way to the possible or likely course or outcome of any Government action state or federal, civil or criminal or licensing (including liquor licenses and the license to practice law) matters against the witness, or anyone related by blood or marriage to the witness;

(5)  Any statements read or made by the Government to the departments of pre-trial services or probation in connection with the prosecution or conviction of any prosecution witness or potential prosecution witness;

(6)  A list of any and all requests, demands, or complaints made of the Government by any witness which arguably could be developed on cross-examination to demonstrate any hope or expectation on the part of the

witness for favorable governmental action in his behalf or on behalf of a relative to such witness (regardless of whether or not the Government has agreed to provide any favorable action);

(7)    With respect to each witness the Government intends to call at trial, or any member of the immediate family of any such witness, disclose copies of all indictments, complaints or informations filed against such person by the federal, or any state or local government, all administrative, disciplinary, regulatory, licensing, tax, customs, or immigration proceedings brought by the federal, or any state or local government, or by any regulatory body or association, and state what counts or actions have been the subject of guilty pleas, convictions, consent decrees, dismissals, or understandings to dismiss at a future date; the date or dates on which pleas of guilty, if any, took place; and the names of the judges or hearing officers before whom such pleas were taken.  If the Government does not have copies of all indictments, complaints, or proceedings, state the dates and places of arrests, hearings, indictments, and informations, the charges brought, and the disposition of those charges or matters so far as it is known to the Government;

(8)    With respect to each witness the Government intends to call at trial, or any member of the immediate family of any such witness, a written summary of all charges or proceedings which could be brought by the federal, or any state or local government, but which have not or will not or which the witness believes have not or will not be brought, because the witness is cooperating with or has cooperated with the Government, or for any reason.  Include copies of all memoranda of understanding between the Government and its witnesses, whether by way of a letter to the attorney for a witness or otherwise;

(9)    Any material not otherwise listed which reflects or

3

evidences the motivation of any witness either to cooperate with the Government or any bias or hostility against Damien Reid; the existence and identification of each occasion on which a witness had testified before any court, grand jury, administrative, regulatory, disciplinary body or other association, or otherwise officially narrated in the investigation of this case, the indictment of the facts of this case, and any testimony, statements or documents given by the witness regarding same;

(10) Copies of all medical and psychiatric reports known to the prosecutor or which can reasonably be known to the prosecutor concerning any witness the prosecutor intends to call at trial which may arguably affect the witness's credibility or his ability to perceive, state or recall events;

(11) All documents and other evidence regarding drug or alcohol usage and/or dependency by any individual the Government intends to call as witness at trial, including but not limited to records relating to treatment of such individual in any federal, state, city or military drug or detoxification program;

(12) Any written or oral statements, whether or not reduced to writing, made by any potential prosecution witness which in any way contradicts or is inconsistent with or different from other oral or written statements he has made;

(13) Any requests prepared by the prosecution for permission to grant formal or informal immunity or leniency for any witness, whether or not such request was granted;

(14) Copies of any and all records of law enforcement agencies reflecting intra- departmental disciplinary action taken against any law enforcement official or agent who will testify at trial;

4

(15)    Copies of any and all records of any law enforcement or other governmental agency reflecting any commendations, awards, or recognition or any kind, or requests for any commendations, awards or recognition of any kind made to or by any Government agent or law enforcement officer for any work, action or conduct in connection with the investigation and prosecution of this case or any related case; and

(16)    The same records and information requested in items "(1)" through "(15) " with respect to each *non-witness declarant* whose statements will be offered in evidence at trial.

c.    The name and address of and written or oral statements made by any person with knowledge and information concerning the events charged in the Indictment and whose version of the same events is contrary to, or nonsupportive of, the accusations set forth in the Indictment.

d.    The name and address of and any written or oral statement made by any person the Government reasonably believes has information helpful to the preparation of the defense and

e.    The name and address of any written or oral statement made by any witness to any offense or offenses charged in the Indictment whom the Government does not intend to call as a witness in this case.

4.    An Order directing discovery and inspection pursuant to Rule 16(c)(1)(A) and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, including but not limited to the following:

a.    the substance of any oral statement, regardless of whether or not the Government intends to offer it in evidence at the trial-in-chief, which was made by Damien Reid either before or after his arrest in response to interrogation by any person then known to Damien Reid to be a Government agent or law enforcement official;

b.      any written or recorded statement and/or the substance of any oral statement of any co-defendant which communicates, contains, recites, or refers to statements made to the above-named declarant by Damien Reid, to be offered by the Government at trial pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence.

c.      any statement of Damien Reid which the Government may offer in evidence at the trial of the Defendant pursuant to Rule 801(d)(2)(A), (B), (C), and (D) of the Federal Rules of Evidence;

d.      any statement of Damien Reid made to a Government agent, regardless of whether the agent's status is or was known to Mr. Reid at the time, if the Government intends to offer the statement in evidence at trial;

e.      Any and all diagrams, telephone call records, charts or reports which the Government intends to use as evidence in its case-in-chief at trial;

f.      Each and every application for search or arrest warrants, supporting affidavits, and search and arrest warrants, inventory returns on all searches obtained by federal, state or local officers during the investigation and preparation of the above captioned matter;

g.      Any and all reports, memoranda or documents relating to the monitoring or opening of mails directed to Damien Reid or addressed to any location or residence occupied by Mr. Reid;

h.      Any and all documents or papers which indicate rental, purchase, sale, occupancy, or ownership of any vehicle, residence, commercial or real or personal property which is material to the above-captioned matter or any defenses thereto;

i.      Any and all photographs taken of Damien Reid either before or after his arrest;

j.      Any and all items seized from the person of Damien Reid, from any vehicle, real or personal property, related to the above captioned matter;

k.      Any and all reports and memoranda reflecting the booking of Damien Reid on or after his arrest, either by Federal, State or Local Authorities;

l.      Any and all tape recordings or statements made by witnesses to the

6

alleged crimes or by witnesses from whom the Government intends elicit testimony at trial;

m.    Any and all other materials, books, papers, documents, photographs, tangible objects, lists and other evidence which the Government intends to offer in evidence at its case-in-chief at trial, either directly or indirectly.

o.    Any logs, diaries, charts, maps, or other papers or documents seized from any agency or department of the United States which was initiated in connection with this case;

p.    Any and all documents or papers which related to the financing of any vehicle, residence, or real or personal property, which is material to this case;

q.    That the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, exercise its discretion and order the Government to provide Damien Reid with a full and complete witness list, reflecting the names and addresses of any and all witnesses the Government intends to call at trial.

r.    That the Court order the Government to grant access to counsel for Damien Reid to any and all witnesses whom the Government intends to call at trial who are within the custody and control of the Government or who are protected by, controlled by, or are in the custody and control of the Government , at a time and place to be agreed upon by counsel so that counsel for defendant may request, in person, an interview with the witness, or, in the alternative, if the Government denies such control or custody of such a witness, the identity of any attorneys for, or the whereabouts of, any such witness so that counsel for defendant may attempt an interview;

t.    That the Court order the Government to disclose to Damien Reid the following information concerning each witness whom the Government intends to call during the trial of this case;

(1)    All criminal records and any list or summary reflecting the criminal record, including the FBI arrest and conviction records;

(2)    Any and all records and information revealing prior misconduct, bad acts and any other fact which might tend to impeach or

7

otherwise discredit the credibility of such witness;

(3)     The existence and substance, and manner of execution or fulfillment, or any promise, agreement and understanding between the Government and any such witness which might in any way constitute a reward or benefit of any kind to said witness or any member of his or her family, or might be believed by said witness to be such reward or benefit;

(4)     The existence, amounts and terms of the financial or property reward or benefit offered or to be offered to such witness;

(5)     Any and all threats, express or implied made to or against said witness, or to any others in whose welfare said witness might be interested.

u.     That the Court order the Government to disclose to Damien Reid whether or not the Government intends to introduce at trial any prior or subsequent "bad acts" or prior or subsequent criminal conduct against Mr. Reid, and if so, the name and addresses of each witness who will testify regarding this activity or conduct, a description of what the Government intends to introduce into evidence, and the date and place of the activity or conduct in question.

v.     Any police reports, dismissals, offense or incident reports, complaints, conviction record or otherwise aborted criminal cases against any Government witness.

w.     A list of any and all persons and any and all documents subpoenaed to appear before the Federal Grand Jury in connection with this case.

x.     Whether or not the Government, its agents and representatives in the investigation and prosecution of this case, utilized wiretaps, telephonic or electronic interceptions or similar methods of interception of conversations or communications, whether or not authorized pursuant to law.

y.     Copies of all recordings, transcripts of proceedings, notes of conversations or other evidence of all wiretaps, telephonic or electronic interceptions or similar methods of interception of conversations or communications in the investigation or prosecution of this case, whether or not authorized

pursuant to law, and whether relative to Damien Reid's conversations or communications or relative to conversations or other in the investigation or prosecution of this case.

z.   An accurate certification of any and all promises made to any non-employee witness the Government intends to call at trial;

5.   The Government should be directed to provide notice of any expert testimony that it may week to elicit at trial;

6.   Pursuant to the Due Process Clause of the Fifth Amendment directing the government to provide a witness list;

7.  Permitting the defendant to join in the motions of his co-defendants where applicable and to file additional motions which may arise from the requests made herein;

8.   For an order severing the trial of this defendant from that of the other defendants, or in the alternative reserving decision on this motion until the trial posture of the remaining defendants and the evidence to be admitted against the remaining co-defendants is decided;

9.   Preserving defendant's rights to file motions *in limine* prior to trial concerning the admissibility of evidence and testimony proffered by the government based upon the resolution of the instant motions as well as concerning other independent issues of admissibility; and

10.   Any such further relief as to the court may seem proper in the premises.

Respectfully submitted,

/s/
ANTHONY J. MARTONE
Attorney for DAMIEN REID
80-02 Kew Gardens Road
Suite 1030
Kew Gardens, NY 11415
(718) 520-7956

cc:   Joselyn Strauber
Assistant United States Attorney

Damien Reid

9