UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
UNITED STATES OF AMERICA,

       -against-                                      Crim. No. S5 07-CR-971 (RPP)

DUJON LNU, akaDAMIEN REID,
_____X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTIONS

      The accused herein, DAMIEN REID, by his attorney, ANTHONY J. MARTONE, hereby submits the following Memorandum of Law in support of the within motions for:

      1.     An Order, suppressing all physical items seized as the warrantless search and seizure was illegal;

      2.     An Order compelling the Government to reveal any evidence it intends to introduce at trial, pursuant to Rule 404(b) of the Federal Rules of Evidence;

      3.     An Order directing the pre-trial disclosure of all exculpatory and impeachment material;

      4.     An Order directing discovery and inspection pursuant to Rule 16(c)(1)(A)(c) and Rule 16(d)(1) of the Federal Rules of Criminal Procedure;

      5.     An Order directing the Government to provide notice of any expert testimony that it may week to elicit at trial;

6.   An Order pursuant to the Due Process Clause of the Fifth Amendment directing the government to provide a witness list;

7.   An Order permitting the defendant to join in the motions of his co-defendants where applicable and to file additional motions which may arise from the requests made herein;

8.   An order severing the trial of this defendant from that of the other defendants;

9.   An Order preserving defendant's rights to file motions *in limine* prior to trial concerning the admissibility of evidence and testimony proffered by the government based upon the resolution of the instant motions as well as concerning other independent issues of admissibility; and

10.   Any such other and further relief as this Court may deem necessary and proper in the premises.

Dated:   June 18, 2008
         Kew Gardens, New York           Respectfully submitted,

                                         /s/
                                         ANTHONY J. MARTONE, ESQ.
                                         80-02 Kew Gardens Road
                                         Suite 1030
                                         Kew Gardens, NY 11415
                                         718-520-7956

## STATEMENT OF FACTS

On October 25, 2007 DAMIEN REID was arrested by Federal agents concerning his alleged involvement in marijuana trafficking. Upon his arrest two cellular phones, U.S. currency and miscellaneous papers were recovered.

Mr. Reid was later indicted along with codefendants Hughie Gray, Sharon Hinds, Lloyd Reid, Ishmael Houhton, Noeila Munoz, Jaime Estrada Sandoval, Marco Miranda, Rueben Miranda, Peter Brown, Baldwin Rose and Ray Marshall Reid for the crime of conspiracy to distribute 1000 kilograms of marijuana in violation of Sections 812, 841(a)(1) and 841 (b)(1)(A) of Title 21, United States Code.

The matter is pending before the Honorable Robert Paterson, United States District Court Judge for the Southern District of New York.

## POINT ONE

### EVIDENCE DERIVED FROM THE WARRANTLESS SERACH OF THE CELLULAR PHONES MUST BE SUPPRESSED.

Two cellular phones were seized from Mr. Reid upon his arrest. It is believed that the government will attempt to introduce evidence contained in these phones. The warrantless search of these items was not legally justified and the fruits thereof must be suppressed

Said searches were conducted without a warrant, and without legal justification.

The government has not, to date provided any discovery relating to this search and seizure, however, defense has a reasonable belief that the government may seek to introduce this evidence in the case at bar. Accordingly we move to suppress this evidence or for an Order directing that a hearing be conducted to determine its admissibility.

**POINT TWO**

**THE COURT SHOULD COMPEL THE GOVERNMENT
TO REVEAL ANY EVIDENCE IT INTENDS TO
INTRODUCE AT TRIAL PURSUANT TO FED. R. EVID. 404(b)**

Federal Rule of Evidence 440(b) requires:

> [u]pon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial, if the Court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The defendant respectfully requests that the Government be compelled, within a reasonable time prior to trial, to provide the defense counsel with any prior or similar act evidence it intends to introduce at trial, pursuant to Fed. R. Evid. 404(b). Such notice should include the nature of this evidence, the pertinent witnesses, any supporting documentation, and the legal theory of admissibility to be relied upon by the Government. Such a procedure is necessary to enable the accused to file appropriate *motions in limine* and to allow this Court to make a considered pretrial determination of the admissibility of any such evidence proffered by the Government. Moreover, such

pretrial notice would provide the defense an opportunity to challenge the evidence on its merits and/or discuss with the Government the possibility of stipulating to such evidence.

### POINT THREE

### THE GOVERNMENT SHOULD DISCLOSE ALL EXCULPATORY AND IMPEACHMENT MATERIAL

A prosecutor has a constitutional duty to disclose material, exculpatory evidence to the defense, regardless of whether defense counsel makes a specific request. United States v. Bagley, 473 U.S. 667, 682 (1985); Brady v. Maryland, 373 U.S. 83, 87 (1963). The duty extends not only to information relevant to guilt, but also to evidence that would tend to impeach the prosecution's witnessess. Bagley, 473 U.S. at 676-77 ("When the reliability of a given witness may well be determinative of guilt or innocence, non-disclosure of evidence affecting credibility falls within the general rule of Brady." (internal quotation marks and brackets omitted)); Giglio v. United States, 405 U.S. 150, 154 (1972).

A breach of that duty violates due process when: (1) the prosecution suppresses impeachment evidence that was actually or constructively in its possession, regardless of the good or bad faith of the prosecutor; and (2) the suppressed evidence was material. A defendant does not need to show that the evidence, if disclosed, would have resulted in his acquittal; rather, he needs to show only that the evidence "could reasonably be taken to put the whole case in such a different light as to undermine

confidence in the verdict." Kyles v. Whitley, 514 U.S. 419, 434-35 (1995); Bagley, 473 U.S. at 682 (Evidence is material is there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." A "reasonable probability" is a probability "sufficient to undermine confidence in the outcome").

Impeachment evidence has been deemed to fall within the standard of materiality for Brady purposes. United States v. Wong, 78 F.3d 73, 79 (2d Cir. 1996) ("Evidence of impeachment is material . . . where the likely impact on the witness's credibility would have undermined a critical element of the prosecution's case." (internal quotation marks omitted)).

Even if the prosecutor is not directly aware of material, exculpatory evidence, a Brady/Giglio violation can still occur if the evidence was in the prosecutor's constructive possession. For example, in Kyles v. Whitley, *supra*, the Supreme Court held that state prosecutors have a duty to disclose impeachment evidence known to the police, even if the prosecutors themselves were not actually aware of the information. The Court stated:

> . . . the prosecution, which alone can know what is undisclosed, must be assigned the consequent responsibility to gauge the likely net effect of all such [undisclosed favorable] evidence and make disclosure when the point of "reasonable probability" is reached. This in turn means that the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police.

Id. at 437 (emphasis added)

It is clear that the law in this Circuit is that such material must be provided to the defense "no later than the point at which a reasonable probability will exist that the outcome would have been different if an earlier disclosure had been made." United States v. Coppa, 267 F.3d 132, 142 (2001). This, of course, begs the essential question, since "[t]he linking of the scope of the disclosure obligation with the remedy for its breach creates both a responsibility and a problem for the prosecutor." Id. As such, it would appear that disclosure of such information at the earliest feasible juncture relieves the prosecutor of having to predict both the outcome of the trial and the relative impact that late disclosure might have on that result. We therefore maintain that all exculpatory and impeachment material as detailed herein be disclosed forthwith.

POINT FOUR

THE GOVERNMENT SHOULD BE DIRECTED TO
PROVIDE DISCOVERY AND INSPECTION PURSUANT TO RULE 16

The Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure. Pursuant to Rule 16 c 1 A and Rule 16 d 1, defendant is seeking various items enumerated in the within Notice of Motion, 4 a through z. It is respectfully requested that the Government be directed to provide any and all discovery and inspection requested.

## POINT FIVE

## THE GOVERNMENT SHOULD BE DIRECTED TO PROVIDE NOTICE OF ANY EXPERT TESTIMONY THAT IT MAY SEEK TO ELICIT AT TRIAL

To the extent that any expert is permitted to testify in this case, it is respectfully asserted that this Court should direct the government to disclose to defense counsel the name and address of each expert, a summary of his/her anticipated testimony, and the reports, studies or other data on which such expert testimony will rely. Timely disclosure of this information is needed to enable counsel to file a motion *in limine* prior to trial to properly restrict the scope and extent of the proposed testimony. Absent such disclosure, the witness will be free to say anything, claim the source is some confidential government document or witness, without counsel effectively confronting this testimony.

To this end, the government is barred from using experts solely to bolster the credibility of the government's fact witnesses by mirroring their version of events. United States v. Cruz, 981 F.2d 659, 664 (2d Cir. 1992). In particular, the Cruz court condemned the technique of having an expert state that a given set of facts is consistent with criminal behavior and then Aarguing that the witnesses version of events is consistent with an expert's description of patterns of criminal conduct. Id. Rather, the experts testimony must deal with operations which have esoteric aspects reasonably perceived as beyond the ken of the jury and that expert testimony cannot

be used solely to bolster the credibility of the government's fact witnesses by mirroring their version of events. Id. *See also*, United States v. Castillo, 924 F.2d 1227, 1231 (2d Cir. 1991); United States v. Scop, 846 F.2d 135, 139-43 (2d cir. 1988).

Further, any expert called by the government should, pursuant to Fed.R.Evid., Rule 702, deal only with issues that are Abeyond the knowledge or understanding of an average juror.@ Cruz, 981 F.2d at 662; United States v. Stevens, 935 F.2d 1360, 1400 (2d Cir. 1991) (expert testimony properly barred where it would have Apitched to the common sense of the jury@). It is patently improper for an expert witness to merely parrot the testimony of other witnesses with respect to information which is certainly not beyond the ken of the average juror. *See*, United States v. Long, 917 F.2d 691, 702 (2d Cir. 1990).

The United State Supreme Court, pursuant to the rule-making authority granted by 28 U.S.C. '2071, et seq., promulgated amendments to the Federal Rules of Criminal Procedure, effective December 31, 1993. One of the Rules which was amended by the Court was Rule 16(a)(1)(E). That rule provides:

(E)EXPERT WITNESSES. At the defendant's requests, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial...The summary...shall describe the witnesses' opinions, the basis and the reasons for those opinions and the witnesses' qualifications.

The rule permits the opposing party to determine, prior to trial, whether the proposed witness meets the qualifications of an expert within the meaning of the Federal Rules of Evidence and provides the party with a summary of the expected testimony. In light of Rules 705 and Rule 16, it is respectfully requested that the government be directed to provide the requested information to the defense.

## POINT SIX

**THE GOVERNMENT SHOULD BE COMPELLED
TO PROVIDE A WITNESS LIST PRIOR TO TRIAL.**

The government should be directed to identify its prospective witnesses at a time which will enable the defense enough time to conduct a thorough investigation of these witnesses and prepare cross-examination. It is respectfully submitted that, in the absence of any showing of a risk to any witness from disclosure, the defendant=s request is not unreasonable. Nor will the production of a witness list be, in any way, prejudicial to the prosecution. The Court's observation in <u>United States v. Cannone</u>, 528 F.2d 296, 301 (2d Cir. 1975), of the reasons for requiring disclosure of a witness list are clearly applicable here:

> The most potent argument for compulsory disclosure of the identity of the prosecution's witnesses is that, without the benefit of such disclosure, the defense may be substantially hampered in its preparation for trial. At a minimum, pretrial ignorance of the effectiveness of the defense's objections and cross-examination. Although continuances, which tend to mitigate the detrimental effects of unpreparedness, are sometimes obtainable, not only are they merely a partial

> solution to the problem of unpreparedness but, in addition, their prolongation of trials is of course costly to both the government and the defendant.

Id. at 301.  *See also*, United States v. Mosely, 450 F.2d (506) (5th Cir. 1971), *cert. denied*, 405 U.S. 975 (1972); United States v. Goldman, 439 F.Supp. 337 (S.D.N.Y. 1977). s Judge Weinstein so cogently stated, A[p]recision, accuracy and fairness suffer under a system of trial by ambush (United States v. Gallo, 654 F.Supp. 463, 480 (E.D.N.Y. 1987)).

We are certainly aware of the list of witnesses who testified at the last trial.  We request that the government nevertheless disclose a list of witnesses other than those who testified at the first trial for the reasons set forth herein.

### POINT SEVEN

### PERMITTING THE DEFENDANT TO FILE ADDITIONAL MOTIONS WHICH MAY ARISE FROM THE REQUESTS MADE HEREIN AND JOIN IN CO_DEFENDANT'S MOTIONS WHERE APPLICABLE.

Given the nature of the instant motion, the defense respectfully requests he have the opportunity, if necessary, to file additional motions, based upon the resolution of the issues raised herein.  Defendant further requests the right to join in motions of co-defendants where applicable.

### POINT EIGHT

### SEVERANCE

The defendant reserves the right to move the Court for a severance at such time

that the number of defendants proceeding to trial and the evidence which will be admitted against each separate defendant is determined. Severance may become necessary for several reasons including but not limited to the prejudicial affect a joint trial would have with the multiple conspiracies alleged, the potential "Bruton" issues and possibility of antagonistic defenses of defendants. Defendant further requests the right to join in the motions of co-defendants relative to the issue of severance.

## POINT NINE

**DEFENDANT RESPECTFULLY RESERVES THE RIGHT TO MAKE MOTIONS *IN LIMINE* TO EXCLUDE EVIDENCE OFFERRED BY THE GOVERNMENT.**

Defendant requests the right to make motions in limine to exclude evidence.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that these Motions be granted in their entirety, and for such other and further relief as this Court may deem necessary and proper in the premises.

Respectfully submitted,

/s/
ANTHONY J. MARTONE